UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON PETIT-FRERE,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-08405-DAD-JDP<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 1) |

On October 13, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Subsequently, the court set a briefing schedule and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) In addition, respondent was directed to state any opposition it had to the court's stated intention to rule on the underlying habeas petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*) On October 19, 2026, respondent filed response in opposition in which it states that petitioner is being detained pursuant to 8 U.S.C. § 1226(a). (Doc. No. 7 at 1.) Respondent does not object to this court ruling on petitioner's habeas petition based upon the briefing currently before it. (*Id.*) Thereafter, petitioner r submitted a reply in support of his arguments. (Doc. No. 8.)

Petitioner is a citizen of Haiti. (Doc. No. 1 at 6; Doc. No. 7 at 25.) He entered the United States in January 2024. (Doc. No. 1 at 6, Doc. No. 7 at 2.). At some point, according to respondent, petitioner was paroled by immigration authorities into the United States. (Doc. No. 7 at 3, 16.) In July 2026, petitioner was re-detained by immigration officials and remains in custody. (Doc. No. 1 at 4.) The government issued a notice to appear ("NTA") (Doc. No. 7 at 8), a warrant for petitioner's arrest (*Id.* at 27), and held a custody determination hearing on July 12, 2026. (*Id.* at 31.) The government explains that petitioner requested a custody re-determination hearing which presumably occurred on October 29, 2026. (*Id.* at 3.)

Based on the current record, it does not appear that petitioner was in active removal proceedings when he was detained in July 2026. In January 2025, an immigration judge ("IJ") dismissed his removal proceedings without prejudice. (Doc. No. 7 at 20.) In its response to the habeas petition and motion for a temporary restraining order filed by petitioner, respondent argues that petitioner's current detention is governed by 8 U.S.C. § 1226(a). (Doc. No. 8 at 1.) However, there is no evidence before the court indicating petitioner was provided with advanced notice or a pre-detention hearing before immigration authorities to re-detain him. Pursuant to the reasoning set forth by the undersigned in *Ferrer-Valdez v. Cal. City Immigration Processing Ctr.*, No. 1:26-cv-06517-DAD-SCR (HC), 2026 WL 2494982, at * 1–3 (E.D. Cal. Aug. 25, 2026), the court concludes that petitioner's re-detention violates due process and will order his immediate release.

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Wilson Petit-Frere, A-File No. 240-396-938, from respondent's custody on the conditions, if any, he was subject to prior to his current detention on or before July 12, 2026;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing

petitioner notice and a pre-deprivation hearing before an immigration judge, at which hearing respondent shall bear the burden of establishing that petitioner is a flight risk or poses a danger to the community by clear and convincing evidence;

2. The Clerk of the Court is directed to serve a copy of this order on the warden of the California City Correctional Center; and

3. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **November 9, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE